

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFUGIO DIAZ, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. CV 08-1975 RNB <br><br> ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

The Court now rules as follows with respect to the one disputed issue listed in the Joint Stipulation.[1]

The Administrative Law Judge ("ALJ") has a special duty in social security cases "to fully and fairly develop the record and to assure the claimant's interests are considered." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). "This duty exists

---

[1]  As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

even when the claimant is represented by counsel." Id. Here, for the reasons stated by plaintiff at pages 4-7 and 11-12 of the Joint Stipulation, the Court concurs with plaintiff that there was sufficient evidence before the ALJ to trigger an obligation on the ALJ's part to develop the record further with respect to whether plaintiff's vocational profile qualified for a finding of disability under the "arduous employment" exception provided by 20 C.F.R. §§ 404.1562(a) and 414.962(a). The Court notes in this regard that the vocational expert acknowledged that, while plaintiff's past work as a cook was generally performed at the medium level of exertion, plaintiff had performed it at a heavier level of exertion. (See AR 427-28; see also AR 99, 108, 425). Under the Commissioner's regulations, the evidence presented of plaintiff's work history during the past 15 years triggered the ALJ's obligation to inquire further about plaintiff's work history. See 20 C.F.R. §§ 404.1565(b), 416.965(b).

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Here, the Court has concluded that additional administrative proceedings still could remedy the defect in the ALJ's decision. Indeed, the Court notes that plaintiff is not seeking a remand for the payment of benefits. Rather, the relief sought by

plaintiff is a "remand to determine whether his vocational profile qualifies for a finding of disability under the arduous employment or worn out worker exception in the regulations." (See Jt Stip at 12).

## Order

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: January 5, 2009

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE